**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3089
_____

UNITED STATES OF AMERICA,

v.

ADAM SCOTT,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Criminal No. 2:10-cr-00677-001)
District Judge:  Honorable Michael M. Baylson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 18, 2023

Before: KRAUSE, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: May 26, 2023)
_____

OPINION*
_____

**PER CURIAM**

　　Pro se appellant Adam Scott appeals from the District Court's order denying his

mandamus petition.  For the reasons that follow, we will summarily affirm the District

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court's judgment.

In 2012, Scott was convicted of cocaine distribution and related firearms offenses. Between 2015 and 2022, Scott filed several motions in the District Court regarding his conviction. In September 2022, Scott filed a mandamus petition in the District Court seeking rulings on: (1) his motion to amend or supplement his earlier motion under 28 U.S.C. § 2255; (2) his request for suppression of wiretap evidence; and (3) his motion to correct a clerical error in his judgment under Federal Rule of Criminal Procedure 36. Scott also sought replacement counsel for his § 2255 proceedings, as his previously appointed counsel had been disbarred. Scott's motion was dated in May 2022 but was not docketed until September 2022.

During that four-month gap, the District Court ruled on Scott's § 2255 motion and denied his request for amendment. It also denied his discovery requests relating to his § 2255 motion, which addressed the electronic surveillance evidence against him. Then, on the same day Scott's mandamus petition was filed, the District Court granted in part and denied his part his Rule 36 motion. No other motions were outstanding at that time. The District Court denied Scott's mandamus petition, and Scott timely appealed.[1]

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of a mandamus petition for abuse of discretion, but our review of whether the requirements for mandamus have been satisfied as a matter of law is plenary. Arnold v. Blast Intermediate Unit 17, 843 F.2d 122, 125 (3d Cir. 1988). We may summarily affirm a district court's order where the "appeal does not present a substantial question." See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks and citation omitted).

The District Court appropriately denied Scott's petition. The District Court had already addressed Scott's pending motions by the time he filed his mandamus petition, and there was no reason to consider appointment of counsel after his motions were resolved. Because Scott's requests were moot, there was no basis for the extraordinary remedy of mandamus relief.

Accordingly, we will summarily affirm the District Court's decision.